UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :
                                    :   Indictment   06 CR 08 (LAK)
GERALD FIORINO                      :
                                    :   NOTICE OF MOTION
                             *Defendant.*   :
------------------------------------------------------------x

      **PLEASE TAKE NOTICE**, that upon the declaration of Michael Rosen and the accompanying memorandum of law, those motions submitted on behalf of co-defendants, and upon all the proceedings heretofore had herein, the defendant, GERALD FIORINO by his attorney, Michael Rosen, will move this Honorable Court at a date and time to be fixed by the Court for an Order:

1. Suppressing all oral communications intercepted through the listening devices installed in Peluso's and Ardito's cell phones as violative of both the fourth amendment and the specific requirements of Title III (18 U.S.C.§2510 *et. seq.*);

2. Compelling the Government to provide Defendant Fiorino with a bill of particulars;

3. Directing the Government to disclose all exculpatory and impeachment evidence reasonably in advance of trial;

4. Directing the Government to produce to defense counsel, reasonably in advance of trial, the identity of any expert witness and any and all information, studies and reports upon which any expert witness will base his/her testimonial opinions

1

6.        Directing the Government to provide defendants, reasonably in advance of trial with "other crimes" evidence that the government intends to introduce at trial under Rule 404(b) or as proof of the Enterprise;

7.        Preserving Defendants' right to move for severance and for suppression based on violation of the attorney client privilege and granting Defendant's request to move *in limine* for a Frank's hearing, an audibility hearing and/or for suppression based on inadmissible hearsay after the Government has designated any tapes that it intends to introduce at trial and based upon any particulars and additional discovery provided by the Government following submission of these motions, and to make such additional and further pre-trial motions as are appropriate.

**PLEASE TAKE FURTHER NOTICE**, that Defendant Fiorino joins in all motions filed on behalf of his co-defendants herein insofar as they are neither inconsistent with, nor antagonistic to his legal or factual positions in this matter.

Dated:    New York, New York  
             July 6, 2006

Respectfully submitted,

/s/ *Michael Rosen*  
Michael Rosen, Esq.  
61 Broadway - Suite 1105  
New York, New York 10006  
212-742-1717  
*Attorney for Gerald Fiorino*

TO:    AUSA Miriam Rocah  
       Office of the US Attorney  
       Southern District of New York  
       One St. Andrew's Plaza  
       New York, New York 10007

       All Counsel (BY ECF Only)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
    -against-                      :
                                    :  Indictment   06 CR 08 (LAK)
GERALD FIORINO                      :
                                    :  AFFIRMATION
                             *Defendant.*         :
------------------------------------------------------------x

      MICHAEL ROSEN, an attorney at law, duly admitted to practice before this court, affirms the following under the penalty of perjury pursuant to 28 U.S.C. §1746:

      1.    I am counsel for Gerald Fiorino, one of the defendants in the above-captioned indictment and I make this affirmation in support of the pre-trial motions filed on his behalf.

### The Indictment as to Gerald Fiorino

      2.    Gerald Fiorino is charged with five counts including RICO, RICO conspiracy extortion, money laundering and obstruction of justice in a 45 Count Indictment which charges 34 defendants with 54 counts including murder in aid of racketeering, weapons possession and a variety of drug offenses.

1

3.    An outline of the Indictment as it relates to Defendant Fiorino is as follows:

| COUNT | ACT | CHARGE | DEFENDANTS |
|---|---|---|---|
| 1 | | RICO CONSPIRACY (early 1990's through 2/06) | Bellomo, Ardito, Balsamo, Larca, **Fiorino**, Russo, Tranquilo. |
| 2 | | RICO | Bellomo, Ardito, Balsamo, Larca, **Fiorino**, Russo, Tranquilo. |
| 5, 6 Moscatiello Sperduto | 2 | Extortion of Victim 1 | Ardito, **Fiorino**. |
| 19 Faella | 7 | Money Laundering (1/03-1/05) | Ardito, **Fiorino** |
| 26 and 27 | -- | Obstruction of Justice (2003-1/2006) | Ardito, **Fiorino**, Faella |

*The Roving Bug Placed In Ardito's and Peluso's Cell Phone*

4.    Paragraph 10(e) of the Superseding Indictment alleges that:

Gerald Fiorino (a/k/a "Jerry") ... was at various times relevant to this Indictment an associate of the Genovese Organized Crime Family ... Fiorino owned a jewelry store in the Bronx, New York at which members and associates of the Genovese Crime Family regularly met in order to discuss the operation criminal activities of the Family.

5.    Defendant Fiorino is named as a target of the investigation. He was

intercepted on September 4, 2003, November 5, 2003, February 9, 2004, February 12, 2004,

February 18, 2004, February 24, 2004, March 1, 2004, March 18, 2004, March 25, 2004, March

27, 2004, March 20, 2004, March 31, 2004, April 4, 2004, April 2, 2004, April 12, 2004, April

14, 2004, April 24, 2004, May 1, 2004, May 12, 2004, May 17, 2004, May 19, 2004, May 21, 2004, May 26, 2004, May 27, 2004, June 1, 2004, June 3, 2004, June 8, 2004, June 11, 2004, June 14, 2004, June 21, 2004, July 13, 2004, July 17, 2004, July 27, 2004, July 28, 2004, August 24, 2004, August 31, 2004, September 4, 2004, September 29, 2004, October 4, 2004, October 12, 2004, November 5, 2004, November 12, 2004.

6. With the exception of the following seven conversations intercepted on September 4, 2003, November 5, 2003, March 18, 2004, April 24, 2004, May 27, 2004, June 14, 2004 and , September 4, 2004, all of the remaining conversations were intercepted at Fiorino Jewelers or on one or two occasions at the Omni Gym as a result of a roving bug placed in the cell phones of defendant John Ardito and Fiorino's former attorney, Peter Peluso.

7. Significantly, neither Fiorino Jewelers nor the Omni Gym were identified as locations at which there was probable cause to believe that either was "the means or situs of criminal activity" within the meaning of 18 U.S.C. §2518(1)(b)(ii), 2518(3)(d). As a result the Government never made any application for a wiretap of these premises as part of its investigation.

8. Instead, it relied on the roving bug planted in Ardito's and Peluso's cell phones pursuant to 18 U.S.C. §2518 (11)(a)(iii) which it justified on the grounds that the "continued interception and recording of oral communications at locations used by John

3

Buster Ardito ... are impractical to specify." (Affidavit in Support of Application for Authorization to Intercept Wire Communications dated June 18, 2003).

9. In addition, Defendant Fiorino seeks suppression of recorded conversations in which he was intercepted and which were obtained through bugs planted at Mario's Restaurant and Agostino's Restaurant on the grounds that the government has failed to establish "necessity" for issuance of a wiretap order, as required under 18 U.S.C. 2518(1)(c) and (3)(c).

10. In the alternative Defendant Fiorino seeks a Franks hearing on the grounds that reasonable cause exists to believe that the wiretap affidavits contain misleading statements and omissions and which improperly identified him as a participant in these conversations.

11. Judged both on its face and in the broader context in relation to prior wiretap applications, the wiretap applications raise serious issues regarding the adequacy of the showing on "necessity". Contrary to the sworn statements in the Affidavits supporting the Application for the wiretap orders, the use of normal, investigative techniques were not only possible but were highly successful. The alleged failure of normal investigative techniques repeated like a mantra in every affidavit is not only contradicted by the discovery produced by the Government, but is clearly nothing more than boilerplate, generic representations which the FBI commonly uses as a routine method of seeking

wiretap authorization. On closer scrutiny, the applications fail to demonstrate that normal, investigative techniques were unsuccessful, much less futile or too dangerous.

12. A comparison of the affidavits supporting wiretap applications in this case reveal that the very same circumstances which purport to establish necessity in the each application were referenced in earlier wiretap affidavits in regard to other telephonic targets, and that the government merely carried over necessity related arguments from one wiretap application to the next.

13. In addition, if the court does not suppress the wiretap evidence based on lack of necessity, a Franks hearing must be conducted to challenge the authenticity of the Government's claim of necessity as to the identification of Gerald Fiorino as a participant in the intercepted conversations of September 4, 2003, November 5, 2003, March 18, 2004, April 24, 2004, May 27, 2004, June 14, 2004 and , September 4, 2004

**Gerald Fiorino Is Entitled To A Bill Of Particulars**

14. On or about June 14, 2006, defendant Fiorino requested a bill of particulars as to the allegations against him. A copy of Defendant Fiorino's demand for particulars is submitted herewith. As of the filing of this motion, the Government has not responded to his request.

15. The mass of information provided by the Government in discovery, sheds no light, when or even what role Defendant Fiorino played in the affairs of the enterprise

alleged in the indictment. After a review of the thousands of pages of discovery, it is impossible to even identify the alleged victims of the extortion or the nature of the threats alleged in Racketeering Acts 2 (Counts 5 & 6), the nature of the financial transaction which constitutes the money laundering charge alleged in Racketeering Act 7 (Count 19) and the false and misleading story alleged in Counts 26 and 27.

16.     The lack of particulars will make it impossible for Defendant Fiorino to adequately prepare a defense to the charges against him. Nor does the Indictment as pleaded prevent the constructive amendment of the Indictment at trial. Accordingly, the Government should be compelled to provide defendant Fiorino the particulars he requested in his demand of June 14, 2006.

**Request for "Other Crimes Evidence" That The Government Intends To Introduce At Trial**

17.     In order to avoid unnecessary delay at trial, Defendant Fiorino requests an Order directing the government to indicate reasonably in advance of trial whether it will attempt to introduce evidence of prior acts in accordance with Rule 404(b) of the Federal Rules of Evidence or as uncharged conduct which the Government contends is evidence of the enterprise.

**Defendant Fiorino Reserves The Right To Demand Audibility Hearing, a Frank's Hearing and To Move In Limine To Suppress Recorded Conversations**

18.     To the extent that the Government seeks to introduce tape recorded conversations in which Defendant Fiorino has been intercepted, he seek leave to move *in limine* for an audibility hearing, and or a Franks Hearing, if warranted, after the government has designated the tapes that it intends to introduce at trial.

19.     In addition, Defendant Fiorino seeks leave to suppress individual tapes based on the grounds that they do not satisfy Rule 801(d)(2)(E) and constitute inadmissible hearsay because they were not made in furtherance of the conspiracy, and were nothing more than "mere idle chatter."

20.     Finally, Defendant Fiorino seeks leave to suppress individual tape recorded conversations in which Peter Peluso and/or Thomas Lee were intercepted on the grounds that they violate attorney-client privilege.

**Defendant Fiorino Reserves His Right To Move For Severance Once The Government Has Indicated The Proposed Trial Groupings**

21.     Defendant Fiorino requests leave to move for severance pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure following the Court's decision on these motions and once the Government and indicated the trial groupings it will propose to the Court.

22. Defendant Fiorino further seeks leave to file such other motions *in limine* as may become appropriate as circumstances arise.

**WHEREFORE**, for the above reasons as well as for the reasons stated in the accompanying memorandum of law, Defendant Fiorino's pre-trial motions should be granted in all respects.

Dated:   New York, New York
         July 6, 2006

                                            /s/ *Michael Rosen*
                                            MICHAEL ROSEN

8